# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 1, 2007

130295

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellant,

v

ALPHONZO LEON WRIGHT,
      Defendant-Appellee.
_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 130295
COA: 256475
Genesee CC: 03-012650-FH

This Court granted leave to appeal, 475 Mich 906 (2006), to consider the November 29, 2005 judgment of the Court of Appeals, which reversed the defendant's conviction of knowingly maintaining a drug vehicle. MCL 333.7405(1)(d). The case was argued on December 12, 2006, and submitted together with *People v Thompson*, Docket No. 130825, which we decide today by opinion. We now VACATE the judgment of the Court of Appeals, and we REMAND this case to the Court of Appeals for reconsideration.

In its opinion in this case, the Court of Appeals reversed the defendant's conviction of maintaining a drug vehicle on the basis of language from *People v Griffin*, 235 Mich App 27, 32 (1999), that we reject today in our opinion in *People v Thompson*, ___ Mich ___ (Docket No. 130825, decided May 1, 2007).

The Court of Appeals also said it would require piling inference upon inference in order to conclude that the defendant maintained a drug vehicle. But, in *People v Hardiman*, 466 Mich 417, 428 (2002), we expressly rejected the "no inference upon inference" rule.

Further, the Court of Appeals concluded its analysis by stating that "we cannot conclude that the prosecution presented sufficient evidence to support Wright's maintaining a drug vehicle conviction." Unpublished Opinion per curiam, issued November 29, 2005 (Docket No. 256475), slip op at 4. But, the proper test is whether a rational trier of fact could find the defendant guilty beyond a reasonable doubt. *Hardiman supra* at 421. Regarding "sufficiency of the evidence" claims, the United

States Supreme Court held that the United States Constitution prohibits criminal convictions except upon proof of guilt beyond a reasonable doubt. *Jackson v Virginia*, 443 US 307, 309 (1979) (citing *In re Winship*, 397 US 358 [1970]). A reviewing court need not "'ask itself whether it believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Jackson*, 443 US at 319 (quoting *Woodby v Immigration & Naturalization Service*, 385 US 276, 282 [1966]). Rather, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 US at 319 (emphasis omitted).

Accordingly, on remand, the Court of Appeals shall reconsider this case and issue an opinion limited to whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt of maintaining a drug vehicle in light of our opinion in *People v Thompson*, and without resort to the rejected no inference upon an inference rule.

CORRIGAN, J., concurs and dissents and states as follows:

I concur with the majority that the Court of Appeals applied an incorrect standard in determining whether the evidence was sufficient to sustain defendant's conviction for keeping or maintaining a drug vehicle, MCL 333.7405(1)(d). But as I explain in my partial dissent in *People v Thompson*, ___Mich ___ (Docket No. 130825, decided May 1, 2007), I dissent from the majority's holding that a conviction for keeping or maintaining a drug vehicle must be supported by evidence of continuity aside from an isolated incident. Instead, I would hold that evidence of an isolated incident of using a vehicle for keeping or selling controlled substances is sufficient to give rise to criminal liability under the unambiguous language of the statute if the offender keeps the vehicle by retaining it in his possession or power.

YOUNG, J., joins the statement of CORRIGAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 1, 2007

_Corbin R. Davis_
Clerk

t0425